**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR BROWN, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:24-70 |
| v. | : | (JUDGE MANNION) |
| JAMIE SORBER, *et al.,* | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner, Lamar Brown, an inmate confined in the State Correctional Institution, Chester, Pennsylvania, filed the instant writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a sentence imposed by the Adams County Court of Common Pleas. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely.

## I.    BACKGROUND

### A.    State Court Proceedings

On October 20, 2003, Petitioner entered an open plea to three counts of Robbery in violation of 18 Pa. C.S. §3701(a)(1)(ii), which were graded as felonies of the first degree. (Doc. 9 at 2). Petitioner's charges stemmed from an incident that occurred on December 17, 2002, on which date he forced three victims to the ground with a firearm and took their personal property.

(Docs. 27-1; 27-15 at 1). On January 13, 2004, the court sentenced Petitioner to three consecutive terms of 5-10 years of incarceration. (Doc. 27-3 at 1). Petitioner did not file a direct appeal. (Doc. 9 at 2).

On May 27, 2005, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§9541–46 ("PCRA"), in which he sought *nunc pro tunc* restoration of his direct appeal rights. (Doc. 27-7 at 6). On January 12, 2006, the court restored Petitioner's direct appeal rights *nunc pro tunc* after deeming trial counsel ineffective for failing to file a direct appeal. (Doc. 27-9). Thereafter, Petitioner filed a direct appeal and argued that the court abused its sentencing discretion by failing to consider certain mitigating facts. *See* (Doc. 27-11). On January 3, 2007, the Pennsylvania Superior Court concluded that Petitioner had waived his appellate claims by filing an untimely Pa. R.A.P. 1925(b) statement and affirmed his sentence. *Commonwealth v. Brown*, 919 A.2d 968 (Table) (Pa. Super. Ct. Jan. 3, 2007); (Doc. 27-17).

Petitioner filed a second *pro se* PCRA petition on October 30, 2007, in which he argued, among other claims, that the trial court should have merged his sentence instead of sentencing him to consecutive terms. (Doc. 27-19 at 3). Petitioner then filed a supplemental PCRA petition on December 28, 2007, in which he asserted that his PCRA counsel had been ineffective for

failing to file a timely Pa. R.A.P. 1925(b) statement. (Doc. 27-21 at 2). On November 12, 2009, the court deemed prior PCRA counsel ineffective and restored Petitioner's direct appeal rights *nunc pro tunc* a second time. (Docs. 27-29; 27-31). Because the court restored Petitioner's direct appeal rights, it deferred ruling on his other asserted claims pending appeal. (Doc. 27-44 at 5).

Petitioner filed a second notice of appeal on December 10, 2009. (Doc. 27-33). Counsel moved to withdraw after she determined there to be no issues of merit and "that an appeal would be wholly frivolous." (Doc. 27-37 at 13, 30). Alongside her motion to withdraw, counsel filed an *Anders* brief in which she asserted in arguable support of Petitioner's appeal that his conviction was jurisdictionally invalid and that the trial court had abused its sentencing discretion. *See* (Doc. 27-37 at 14, 26; Doc. 27-39 at 3–4).

The Superior Court affirmed Petitioner's judgment of sentence on November 15, 2010. *Commonwealth v. Brown*, 22 A.3d 1070 (Table) (Pa. Super. Ct. Nov. 15, 2010); (Doc. 27-39 at 9). Petitioner did not appeal to the Pennsylvania Supreme Court. (Doc. 9 at 4).

Petitioner's PCRA proceedings resumed following the conclusion of his direct appeal. On January 7, 2011, the court appointed Petitioner new post-conviction counsel. (Doc. 27-41). On August 4, 2011, counsel notified the

court "that the only issue being pursued concerned the validity of [Petitioner's] plea due to the impact of his prescribed medication." (Docs. 27-43; 27-44 at 5). Petitioner filed a supplemental list of issues to be considered on August 8, 2011. (Doc. 27-42). The court denied Petitioner's PCRA petition on October 31, 2011. (Docs. 27-44; 27-45). The Superior Court affirmed the court's denial of relief on August 24, 2012. *Commonwealth v. Brown*, 60 A.3d 580 (Table) (Pa. Super. Ct. Aug. 24, 2012); (Doc. 27-6 at 15). Petitioner did not appeal to the Pennsylvania Supreme Court. (Doc. 9 at 4).

Petitioner filed another *pro se* PCRA petition on July 9, 2015. The court dismissed that petition as untimely, and the Pennsylvania Superior Court affirmed the dismissal. (Docs. 27-8; 27-10; 27-12; 27-20). Then, in 2017 and 2019, Petitioner filed two petitions for writ of habeas corpus *ad subjiciendum* directly before the Pennsylvania Supreme Court. (Docs. 27-22; 27-26). Each were dismissed by *per curiam* order. (Docs. 27-24; 27-28). Petitioner filed a final PCRA petition on August 28, 2020, which the court, like before, dismissed as untimely. (Doc. 27-34). On June 25, 2021, the Superior Court dismissed Petitioner's appeal of that dismissal due to his failure to file a brief. (Doc. 27-40).

- 4 -

## B.    Federal Proceedings

Petitioner commenced the instant action by filing his Section 2254 habeas petition on December 4, 2023.[1] (Doc. 1). Petitioner's habeas petition contains three related claims: (1) that his "sentence is illegal"; (2) that "trial counsel was ineffective for failing to raise that [his] sentence is illegal because it was required to be merged pursuant to the Pennsylvania merger doctrine"; and (3) that "PCRA counsel was ineffective for failing to advance [his] illegal sentence claim." (Doc. 1 at 5).

In supporting paperwork filed alongside his petition, Petitioner argues that, although his crime involved three victims, the crime constituted "a single incident" and that the trial judge was therefore mandated to run his sentence for each count concurrently instead of consecutively. (Doc. 1-1 at 1). Petitioner also contends that his claims are exhausted and that, to the extent his claims are procedurally defaulted, the default is excusable because his PCRA counsel was ineffective. (Docs. 1-2; 1-3).

---

[1] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Petitioner declares that he delivered his petition and supporting documents to prison authorities for mailing to the Clerk of Court on December 4, 2023. (Doc. 1 at 14). Therefore, the Court uses December 4, 2023, as the petition's filing date even though the Clerk of Court did not docket it until January 16, 2024.

On March 1, 2024, the Court ordered Respondents to answer Petitioner's habeas petition. (Doc. 7). Respondents answered on March 22, 2024. (Doc. 9). Respondents contend that the Court should dismiss Petitioner's claims because his petition is time barred under 28 U.S.C. §2244(d)(1), because his claims are procedurally defaulted, and alternatively, because his claims fail on the merits. *See* (*id.* at 12–18). Thereafter, the Court granted Petitioner multiple extensions of time to file a reply, concluding with an order granting him until February 25, 2025, to reply. (Docs. 14; 16; 19). Petitioner did not reply; instead, on February 23, 2026, he filed a supplemental memorandum of law in which he moves the Court to order record expansion and/or an evidentiary hearing. (Doc. 21). Additionally, despite Petitioner's reply deadline having expired nearly a year before he filed his supplement, Petitioner also requests another extension of time to reply following any record expansion. (*Id.* at 10).

## II.    DISCUSSION

Petitioner's habeas petition is untimely under 28 U.S.C. §2244. State prisoners seeking habeas corpus relief under §2254 must adhere to a one-year statute of limitations, which provides that the limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

In this case, Petitioner does not present any fleshed-out argument related to the timeliness of his habeas petition, and the Court concludes that the only applicable AEDPA start date is subsection (A).[2] Under subsection (A), the one-year period within which to file a federal habeas corpus petition

---

[2] Petitioner does contend that his counsel's alleged ineffectiveness excuses the procedural default of his claims. *See* (Docs. 1-2; 1-3). To the extent Petitioner's argument was intended to also invoke subsection (B), such an argument is meritless because "courts have held that negligence by a petitioner's public defender, just like negligence by state-appointed counsel, does not constitute state action for the purposes of §2241(d)(1)(B) to delay the accrual of the AEDPA statute of limitations." *Henry v. Smith*, No. 16-cv-5010, 2017 WL 2963000, at *4 (E.D. Pa. Feb. 28, 2017) (citing cases), *report and recommendation* adopted, 2017 WL 2957819 (E.D. Pa. July 10, 2017); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–21 (1981).

begins to run "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (citations omitted). In cases where a petitioner's direct appeal rights have been restored *nunc pro tunc*, the AEDPA clock does not begin to run until the restored direct appeal has concluded, or until the time for seeking review of that appeal has expired. *See Jiminez v. Quarterman*, 555 U.S. 113, 120–21 (2009); *Moffatt v. Overmyer*, No. 16-cv-292, 2017 WL 1251097, at *2 (W.D. Pa. Apr. 5, 2017).

Additionally, "[t]he time during which a properly filed application for State post conviction relief or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from AEDPA's limitations calculation. 28 U.S.C. §2244(d)(2). A "properly filed application" for post conviction relief under §2244(d)(2) "is one submitted according to the state's procedural requirements, such as rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d. Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek "discretionary [state] review, whether or not discretionary review is sought." *Swartz v. Meyer*s, 204 F.3d 417, 421 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the

- 8 -

denial of their post-conviction petition. *Stokes v. Dist. Att'y of the Cnty. of Philadelphia*, 247 F.3d 539, 543 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. *Jones*, 195 F.3d at 158.

AEDPA's statute of limitations may also be subject to equitable tolling, but only in extraordinary circumstances. *Merritt v. Blaine*, 326 F.3d 157, 161, 168 (3d Cir. 2003). A petitioner must demonstrate two requirements to be eligible for equitable tolling: (1) they must show that they "ha[ve] in some extraordinary way been prevented from asserting [their] rights"; and (2) they must show that they "exercised reasonable diligence in investigating and bringing the claim." *Id.* The Third Circuit has cautioned that "[c]ourts must be sparing in their use of equitable tolling," and must only permit equitable tolling where "the principles of equity would make rigid application of a limitation period unfair." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (citations omitted).

### A.   Statutory Tolling

Though Petitioner filed multiple direct appeals, the controlling appeal for use in calculating AEDPA's statute of limitations is the final direct appeal that resulted from the court's second *nunc pro tunc* restoration of his direct appeal rights. *Jiminez*, 555 U.S. at 120–21; (Doc. 27-39). On that appeal,

the Superior Court affirmed Petitioner's conviction and sentence on November 15, 2010, and he did not seek Pennsylvania Supreme Court review. *Brown*, 22 A.3d 1070 (Table) (Pa. Super. Ct. Nov. 15, 2010); (Docs. 9 at 4; 27-39). Consequently, Petitioner's conviction became final on December 15, 2010, 30 days after the Pennsylvania Superior Court affirmed his conviction and sentence. 42 Pa. C.S. §9545(b)(3); Pa. R. Crim. P. 720(a)(3); *Packer v. Cappozza*, No. 18-cv-1407, 2018 WL 4616221, at *2 (M.D. Pa. Sep. 26, 2018). Petitioner's clock for filing a federal habeas petition therefore began to run on December 15, 2010, meaning he initially had until December 15, 2011, to file a timely federal habeas corpus petition. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) ("[W]ould-be petitioners are afforded one full year to file their habeas petitions . . . .").

Pursuant to §2244(d)(2), when Petitioner filed his timely PCRA petition on August 4, 2011, AEDPA's filing period statutorily tolled with approximately 133 days of the one-year filing period remaining. (Doc. 27-43). Petitioner's PCRA petition was pending until August 24, 2012, when the Pennsylvania Superior Court affirmed its dismissal. *Brown*, 60 A.3d 580 (Table) (Pa. Super. Ct. Aug. 24, 2012); (Doc. 27-6). The filing period remained tolled for an additional 30 days, until September 23, 2012, at which time Petitioner's period for seeking Pennsylvania Supreme Court discretionary review

- 10 -

expired. *Swartz*, 204 F.3d at 421. At this point, Petitioner's federal habeas clock began to run again, and he had until February 3, 2013, 133 days after September 23, 2012, to file his federal habeas petition. The instant petition was not filed until December 4, 2023, nearly eleven years later. (Doc. 1). Consequently, Petitioner's federal petition for habeas corpus relief is barred by AEDPA's statute of limitations and should be dismissed as untimely unless equitable tolling applies.[3]

### B.    Equitable Tolling

Although Petitioner contends in his untimely supplemental memorandum that the Court should expand the record to permit him, in part, to develop an equitable tolling argument, he does not present a fully developed equitable tolling argument at any point in his filings. *See* (Doc. 21 at 2). It is plausible that Petitioner intended his argument that PCRA counsel was ineffective to constitute both an argument in support of excusing

---

[3] Petitioner's additional state PCRA petitions filed in 2015, 2017, 2019, and 2020 have no impact on the AEDPA statute of limitations analysis because, regardless of whether those petitions were properly filed under state law, each petition was filed after AEDPA's statute of limitations had already expired. *E.g.*, *Colon v. Rozum*, No. 08-cv-3180, 2009 WL 273214, at *8 (E.D. Pa. Jan. 30, 2009) (concluding that a second PCRA petition filed "well after the AEDPA statute of limitations had expired . . . does not toll an already expired statute of limitations").

- 11 -

procedural default and in support of equitable tolling. *See* (Doc. 1-2). Even if that is the case, however, Petitioner's argument fails.

As an initial matter, while it is true that a limitations period may be equitably tolled by a showing of ineffective assistance of counsel in certain circumstances where the error is deemed to be "egregious," such as where an attorney fails to file an appeal after an explicit request from the petitioner, affirmatively deceives the petitioner about filing a direct appeal, or persistently neglects the petitioner's case, Petitioner does not assert those types of allegations. *See Holland v. Florida*, 560 U.S. 631, 651 (2010) (collecting cases); *Schleuter v. Varner*, 384 F.3d 69, 76–77 (3d Cir 2004). Instead, Petitioner asserts that his PCRA counsel failed to prosecute his illegal sentence claim, notwithstanding that the claim had been asserted by earlier PCRA counsel. *See* (Docs. 1-2; 1-3 at 3). That conduct is not the type that rises to the level of being "egregious," but is instead the type of common attorney error allegation that the Third Circuit has repeatedly held to not constitute the "extraordinary circumstances" required for equitable tolling in non-capital cases. *E.g.*, *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2002) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Johnson v. Hendricks*, 314

F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); *Schleuter*, 384 F.3d at 76 ("Generally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation.").

Further, even if PCRA counsel's ineffectiveness constituted an extraordinary circumstance, Petitioner fails to demonstrate that he diligently pursued his rights by attempting to file his federal petition after the extraordinary circumstances occurred. Petitioner had a substantial period between the time when the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition and the expiration of AEDPA's one-year deadline. Instead of filing a preemptive petition during that time or taking other efforts to protect his rights, Petitioner "waited years, without any valid justification, to assert [his] claims[.]" *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). While it is true that Petitioner continued to file frivolous, untimely petitions in state court during that period, he took no effort to pursue his federal rights but instead "sat on" his rights for nearly eleven years. *Id; contra Munchinski v. Wilson*, 694 F.3d 308, 332 (3d. Cir. 2012) (applying equitable tolling where a petitioner diligently followed incorrect court guidance during the relevant period). Consequently, "[u]nder long-established principles,

- 13 -

[P]etitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citations omitted). Accordingly, Petitioner's federal habeas petition is time-barred and will be dismissed.

## III.    Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should only issue where (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could only agree that the instant petition is time-barred and that neither statutory nor equitable tolling apply. For that reason, the Court will not grant a certificate of appealability.

## IV.    CONCLUSION

In light of the foregoing, the Court will dismiss Petitioner's §2254 petition, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 30, 2026**

24-0070-01

- 14 -